# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Action No. 13-278 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion to Dismiss (Doc. 74) based on the Speedy Trial Act will be denied. Defendant's current counsel relies on purported disagreements between Defendant and his former counsel, beginning in July 2014, regarding whether extensions of the trial schedule were warranted. Any disagreements regarding the timing of trial, however, were matters between Defendant and his former counsel. As the Court already has explained, Defendant has appeared in this Court through his counsel-of-record, and he was not granted the right to engage in a "hybrid" form of counseled and self-representation. *See* text Order dated Mar. 3, 2015 ("a district court is not obligated to consider *pro se* motions by represented litigants") (citation to quoted source omitted). Moreover, shortly after Defendant attempted to file a *pro se* Motion for a speedy trial, in September 2014, the Court held a Hearing regarding that Motion, and Defendant's contemporaneous Motion to withdraw his former counsel's representation, and the Hearing concluded with Defendant <u>agreeing to continue the representation of his former counsel</u>. *See* text Order dated Oct. 20, 2014 (denying Defendant's Motion to withdraw counsel and "self-filed Motion for Speedy Trial," based on record-discussions at Oct. 20th Hearing). Thus, even if Defendant's disagreements with former counsel regarding the timing of trial were

of any consequence, they were rendered moot by Defendant's agreement to then continue the representation of his former counsel.

In sum, Defendant's "on-again again, off-again" disagreements with former counsel provide no grounds for finding a Speedy Trial Act-violation, as relates to the period of July 2014 until April 2015. Moreover, the Court reaffirms its Order (Doc. 57) granting the Government's Motion regarding the Speedy Trial Act, as relates to April 2015 and thereafter, and said Order definitively establishes the excludability of the time between April 2015 to the present for the purposes of the Act.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 74**) is **DENIED**.

IT IS SO ORDERED.


November 9, 2015                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record