# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-278 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Consistent with the discussions at the Conference on November 30, 2015, Defendant's request to proceed in this criminal action *pro se* has been granted. Mr. Burney's appointment will continue, but only in the limited capacity as that of standby counsel. Mr. Burney shall continue to be noticed, though, on all communications to and from the Court.

The scope of Mr. Burney's participation shall be limited, as follows. Mr. Burney shall appear at the Final Pretrial Conference on January 19, 2016 at 10:00 a.m., and for the duration of the trial in this case, scheduled to commence on February 1, 2016 at 9:30 a.m. At those proceedings, Mr. Burney is responsible for providing advice or assistance <u>only</u> to the extent that Defendant so requests, or if he is directed to do so by the Court. Mr. Burney is <u>not</u> responsible for conducting any additional factual investigation on Defendant's behalf; conducting any legal research that Defendant may request; preparing any motions, briefs or other filings on Defendant's behalf; or mailing service of process on Defendant's behalf. Defendant is responsible for all aspects of pretrial-filing, and the Court will not accept filings from Mr. Burney.

Otherwise, Mr. Burney's participation will be limited to conferring with government's counsel to resolve the outstanding discovery issues referenced during the November 30th

Conference. As a separate matter, by **December 30, 2015**, the government shall provide to Defendant a computer disc (or discs) containing scanned copies of those paper documents subject to production, not already within Defendant's possession, as discussed at the Conference.

Finally, from now through trial, Defendant must comply with all applicable Federal Rules, Court Orders, deadlines, and practices and procedures, and his *pro se* status will <u>not</u> constitute a valid excuse for non-compliance.

IT IS SO ORDERED.


December 1, 2015                               s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge


cc (via First-Class, U.S. Mail):

Jason Sheppard
155709 Pod 2F
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA  15219[1]


cc (via ECF email notification):

All Counsel of Record

---

[1] The above mailing address and identification number comes from Defendant's most recent *pro se* filing, *see* Doc. 53, and the Clerk has entered it into the docket as Defendant's address-of-record. If Defendant now, or in the future, wishes to have mailings sent to a different address, or to change his identification number/designation, it is incumbent upon him to file a "Notice of Change of Address." It is Defendant's duty to keep current his address-of-record, and a failure to do so will not excuse any resulting delay or non-receipt. *See* <u>Alpha Fin. Mort., Inc. v. Baugh</u>, 2009 WL 1177084, at *2 (W.D. Pa. Apr. 28, 2009).